Milo R. MESSENGER and Connie
Messenger, Plaintiffs,

v.

BUCYRUS–ERIE COMPANY, Defendant.

Civ. No. 79–1684.

United States District Court,
W. D. Pennsylvania.

May 27, 1980.

Louis M. Tarasi, Pittsburgh, Pa., for plaintiffs.

Raymond G. Hasley, Pittsburgh, Pa., for defendant.

## OPINION

MARSH, District Judge.

This is a negligence and products liability action in which Defendant Bucyrus–Erie Company has submitted a motion for summary judgment. Defendant asserts three arguments in support of its motion: 1) Defendant had no duty to provide equipment which Plaintiffs complain was lacking; 2) any such duty owed to Plaintiffs was fulfilled; 3) the accident in question was not caused by any negligence, design defect, or failure to warn on the part of Defendant Bucyrus–Erie.

After review of the pleadings, affidavits, interrogatories, depositions, and admissions which are part of the voluminous record in this case, we find that there still remains a disputed issue of material fact precluding the grant of summary judgment. Accordingly, we need not address the arguments asserted by Defendant in support of its motion.

In a motion for summary judgment, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *First Pa. B. & T. Co. v. United States Life Ins. Co.*, 421 F.2d 959, 962 (3d Cir. 1969). The burden is upon the party moving for summary judgment to demonstrate that no genuine issue as to any material fact exists and that said party is entitled to judgment as a matter of law. As stated in 6 Moore's Federal Practice, § 56.15[3], at 56–463 to 467:

> "The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law entitled him to judgment as a matter of law.

"The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."

Judge Maris in *Toebelman v. Missouri–Kansas Pipe Line Co.*, 130 F.2d 1016, 1018 (3d Cir. 1942) stated:

"Upon a motion for summary judgment it is no part of the courts' function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. . . . All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. *Weisser v. Mursam Shoe Corporation*, 2d Cir. 1942, 127 F.2d 344."

Plaintiff Milo Messenger, an employee of Assad Iron & Metals, Inc., was involved in an accident at his place of employment on October 6, 1977. Plaintiff was assigned to obtain blocks to block a certain trailer being loaded by the truck/crane owned by the father of James Snyder, the chief operating officer of Assad Iron & Metals, Inc. ("Assad").

As a completed unit, the truck/crane was manufactured by the Defendant Bucyrus–Erie. According to the testimony of James Snyder the unit had never been changed in any manner from the time it was purchased and delivered to the premises at Assad.

Corbin Jeffries, the operator of the truck/crane, was being directed by the signals of James Fisher, a flagman. Fisher gave a signal for the truck/crane to back up and stop and then walked away. At the same time, but without being seen by Fisher, Messenger walked between the truck/crane unit and the trailer. Apparently, Messenger did not see the truck/crane unit backing up and consequently he was crushed as the unit approached the trailer, resulting in serious bodily injury.

The truck/crane did not have a back–up warning buzzer. Whether or not its absence is a design defect is a question of fact for the jury.

The Defendant contends that the truck/crane was equipped with back–up lights at the time it left its plant at Evansville, Indiana. The Defendant contends it was its policy to insure that every truck which has a Bucyrus–Erie crane mounted on it had operating back–up lights when it left its plant. Two of the Defendant's plant personnel, Andy Karpowitz and Ken Baugh, in their affidavits stated that when the truck/crane left the Bucyrus–Erie plant it had operating back–up lights.

On the other hand, the depositions of two employees of Assad, namely Corbin Jeffries, the operator of the truck/crane unit, and James Fisher, the flagman, testified that at no time did the truck/crane have back–up lights. These two men worked with the truck/crane for Assad on a daily basis.

The record, therefore, clearly reflects a disputed issue of fact as to the existence of back–up lights as a safety device on the truck/crane.

In our opinion, this disputed issue of fact, along with the absence of a back–up buzzer, are material facts involved in the issue of design defects on the part of the Defendant, and the issues of contributory negligence and assumption of the risk on the part of the Plaintiff.

The issue of whether Bucyrus–Erie's truck/crane was rendered defective due to the absence of certain safety devices would ordinarily be one of fact, and ordinarily the issue would be created by the conflicting opinions of experts. In order for Bucyrus–Erie to be liable, the machine would, of necessity, be defective when it left the control of Bucyrus–Erie. *Cf. Clawson v. International Harvester Co.*, (unpublished) (W.D. Pa.1979), *aff'd per curiam* (3d Cir. 1980).

The Plaintiff Messenger contends that the absence of back–up lights and a back–up buzzer, or similar equipment, on the truck/crane was the sole proximate cause of his injuries. He points out that the affidavits submitted by the Defendant admit that back–up lights are a safety factor required by the Defendant before releasing a truck/crane from its Evansville plant.

On the other hand, the Defendant contends that it fulfilled its obligation and there was no design defect. Also it contends the Plaintiff cannot prove the absence of safety devices caused the accident. The Defendant argues that the presence or absence of safety devices are of no consequence where causation does not exist. It cites *Clawson v. International Harvester Co., supra.*

In *Clawson, supra,* nothing was proved by plaintiff which was a proximate cause of his injuries. In the case *sub judice,* lack of back–up lights, if proved to the satisfaction of the jury, and the admitted lack of a back–up buzzer could be found by the jury to have been a proximate cause of Plaintiff's injuries.

We think the question of causation in this case is for the jury. If it found there were no back–up lights on the truck/crane, it could find their absence was a proximate cause of the accident. If it found there were back–up lights but no back–up buzzer, it could find that the absence of the buzzer was a proximate cause of the accident. If the jury found there were back–up lights, it could find that the Plaintiff knew the truck/crane was in the process of backing up and he was contributorily negligent or assumed the risk in walking out from under the trailer. Even if there were no back–up lights, the jury might find the Plaintiff was contributorily negligent or assumed the risk.

The record reveals that Messenger would not have acted as he did had he seen back–up lights or heard a warning buzzer.[1] Such a contention by Plaintiff is itself a question of fact which should be decided by a jury, since it raises the very question which is the primary material fact in dispute in this case; that is, if back–up lights and/or a back–up buzzer were present, would the accident have occurred. Defendant can refute the need for back–up lights alleging that Plaintiff placed himself in an obviously dangerous condition by not looking as he walked between the truck/crane unit and the trailer, and such a question can clearly be answered by a jury, as can the question of causation.

An appropriate order denying Defendant Bucyrus–Erie's motion for summary judgment will be entered.

---

1. Deposition of Milo Messenger, pp. 56–57.